**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4674**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRANDON WENTKER,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00635-CCB-1)

———————

Submitted: May 11, 2011                Decided: May 26, 2011

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Martin H. Schreiber II, LAW OFFICE OF MARTIN H. SCHREIBER II, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Peter M. Nothstein, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Wentker appeals his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and for possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Wentker makes two arguments on appeal, both concerning the adequacy of the jury instructions. First, Wentker argues that because there was evidence that he had conspired to steal only a portion of the package containing 878.8 grams of cocaine, the district court should have instructed the jury to determine how much cocaine Wentker conspired to possess with intent to distribute, rather than how much cocaine was "involved". Next, Wentker argues that the district court erred in declining to give a lesser-included-offense instruction, because without it, the jury was unable to find Wentker guilty of simple possession of cocaine without any intent to distribute. For the reasons that follow, we affirm.

We "review a district court's decision whether to give a jury instruction for abuse of discretion." See United States v. Lighty, 616 F.3d 321, 366 (4th Cir. 2010).

> A district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that

2

> failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

Id. (internal quotation marks omitted). "[W]e do not view a single [jury] instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." Id. (internal quotation marks omitted).

Here, with respect to Wentker's first argument, and viewing the jury instructions as a whole, we find that Wentker's proposed change to the jury verdict language was unnecessary, and that the district court did not abuse its discretion in declining to adopt the change. With respect to Wentker's second argument, we find that the evidence did not support the inclusion of a lesser-included-offense instruction, and that the district court did not abuse its discretion in declining to give a simple possession instruction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3